*E-Filed: September 12, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW MAXWELL; et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>DJAFFAR CHETOUANE and DOES 1 through 10,<br><br>　　　　Defendants.<br>_____/ | No. C14-02643 HRL<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FRCP 4(f)(3)**<br><br>**ORDER VACATING SEPTEMBER 16, 2014 HEARING**<br><br>[Re: Docket No. 8] |

　　　　Andrew Maxwell, DHMM, LLC, and Susan Imperial sue Djaffar Chetouane for copyright infringement. Plaintiffs seek a declaratory judgment that DHMM is the owner of all rights to the work "Donkey Heart Monkey Mind," including, but not limited to, Registration Nos. TX 0007388206, TXu001590538, and TXu1645137. On August 11, 2014, Plaintiffs filed the present motion for alternative service of process under Federal Rule of Civil Procedure 4(f)(3). Dkt. No. 8. Plaintiffs request an order allowing them to serve Defendant by email. The motion is deemed suitable for determination without oral argument. The September 16, 2014 hearing is vacated. Civ. L.R. 7-1(b).

　　　　Rule 4(f)(3) provides for service of an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court

must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

In *Rio*, the Ninth Circuit recognized that "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Id.* at 1018. Although the Ninth Circuit recognized that service of process by email has certain limitations, it "le[ft] it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case." *Id*. This district has approved email to effectuate service pursuant to Rule 4(f)(3) where the plaintiff presents evidence that the email address is used by the defendant on whom service is sought. *See, e.g.*, *Jenkins v. Pooke*, No. C07-03112 JSW, 2009 WL 412987, at *2 (N.D. Cal. Feb. 17, 2009); *Bank Julius Baer & Co., Ltd. v. Wikileaks*, No. C08-00824 JSW, 2008 WL 413737, at *2 (N.D. Cal. Feb. 13, 2008).

Here, Plaintiffs assert that service by email should be permitted because it comports with due process. Plaintiffs have been unable to ascertain Defendant's whereabouts, although they have attempted to locate him since June 2014. Plaintiffs have retained a licensed private investigator, contacted mutual acquaintances of both Plaintiffs and Defendant, and visited locations that Defendant had resided at or frequented in the past. Michael Spencer, the private investigator, has visited each of Defendant's last known addresses, searched bars and coffee shops near Defendant's former residences, reviewed courthouse records, and interviewed past associates and neighbors, among other methods, all to no avail. One of Defendant's former neighbors, who identified herself as "Julie," stated that Defendant is in Algeria or France,[1] and did not know whether Defendant will return to the United States. Defendant's email correspondence to Maxwell indicates that he is currently abroad, but does not specify where.

In addition, Defendant has been frequently responding to email messages sent to his primary email address, djaffarc@aol.com. Defendant used this email address for business purposes prior to

---

[1] France and the United States are both signatories to the Hague Convention on Service Abroad. The Hague Convention does not prohibit service via email. *See Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007).

2

1 the time Plaintiffs filed suit.  Between March 1, 2014 and August 11, 2014 (the date the present
2 motion was filed), Maxwell received 61 emails from Defendant, sent from the djaffarc@aol.com
3 email address.  The most recent email was sent on June 13, 2014.

4       Because Plaintiffs have submitted evidence that Defendant frequently uses the email address
5 djaffarc@aol.com, the Court finds that service by email is reasonably calculated to apprise
6 Defendant of the pendency of the litigation and therefore comports with due process.  Plaintiffs'
7 motion for alternative service of process under Federal Rule of Civil Procedure 4(f)(3) is granted.  It
8 is hereby ordered that Plaintiffs shall serve the complaint on Defendant at djaffarc@aol.com.

9 **IT IS SO ORDERED.**

10 Dated:  September 12, 2014

11 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-02643 HRL Notice will be electronically mailed to:**

Stan Dale Blyth     blythlaw@gmail.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**