E-Filed 9/8/2015

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MAXWELL, et al.,<br>    Plaintiffs,<br>v.<br>DJAFFAR CHETOUANE,<br>    Defendant. | Case No.  14-cv-02643-HRL<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 21, 28 |

Plaintiffs Andrew Maxwell, Susan Imperial, and DHMM, LLC sued Defendant Djaffar Chetouane for copyright infringement and related claims. Plaintiffs served Mr. Chetouane and moved for an entry of default, which the clerk of the court entered. Plaintiffs moved for a default judgment in March 2015 and filed a proposed order. The court issued an interim order that listed several concerns with the motion for default judgment, including Plaintiffs' failure to address "the factors that a court may consider when deciding whether to grant default judgment[.]" Dkt. No. 27; *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The court specifically ordered Plaintiffs to address two default-judgment factors in a responsive filing: "the merits of their substantive claims [and] the sufficiency of the complaint." Dkt. No. 27. Plaintiffs responded with their first amended motion for default judgment and a new proposed order. Dkt. Nos. 28, 30. The court now resolves Plaintiffs' first amended motion for default judgment.

**Discussion**

This court has discretion in whether to grant a default judgment after default has been entered. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Plaintiffs have failed to follow the court's interim order. The amended motion and the new proposed order do not include meaningful analysis of the two default-judgment factors that the court ordered Plaintiffs to analyze. Plaintiffs purported to analyze the merits of their claims with

the assertion that "evidence contained in" the declarations of Mr. Maxwell and Ms. Imperial provides a basis to conclude Plaintiffs' substantive claims "have merit." Dkt. No. 30 at 3. This citation to a broad set of facts, without analysis of particular facts, provides the court with a conclusion rather than meaningful analysis. Plaintiffs have also failed to adequately analyze the sufficiency of their complaint with respect to most of the counts on which they seek judgment. Plaintiffs' new proposed order repeatedly states the legal standard for a count along with the abrupt conclusion that the complaint contains "sufficient[]" or "satisfactory[]" pleadings for that count. Dkt. No. 30 at 4-6. Meaningful analysis would, instead, explain how specific factual allegations plausibly entitle Plaintiffs to relief under specific counts. Plaintiffs have therefore failed to provide adequate analysis of their claims' merits and their pleadings' sufficiency.

## Conclusion

Plaintiffs failed to follow the court's interim order when they failed to adequately analyze whether the pleadings are sufficient and whether their substantive claims have merit. The court therefore exercises its discretion to deny the first amended motion for default judgment without prejudice.

**IT IS SO ORDERED.**

Dated: September 8, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge